UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>LOCKHEED AIRCRAFT CORP. *et al.*,<br><br>    Defendants. | Civil Case **No. 76-0611 (JHP)** |

**SUCCESSOR DEFENDANT LOCKHEED MARTIN CORPORATION'S UNOPPOSED MOTION FOR PARTIAL MODIFICATION OF FINAL JUDGMENT OF PERMANENT INJUNCTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

Richard W. Grime (DC Bar # 455550),
 *pro hac vice* pending
Martin A. Hewett (DC Bar # 1009911)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
RGrime@gibsondunn.com
MHewett@gibsondunn.com

*Attorneys for Successor Defendant
Lockheed Martin Corporation*

Lockheed Martin Corporation, successor to Defendant Lockheed Aircraft Corporation (collectively, "Lockheed Martin" or the "Company"), by and through its counsel, respectfully submits this unopposed[1] motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from the requirement in this Court's Final Judgment of Permanent Injunction (dated April 13, 1976) that the Company continue to disclose any change to its policies and procedures concerning unlawful payments to foreign officials through a filing with the Securities and Exchange Commission (the "Commission") on Form 8-K.

## STATEMENT OF FACTS

On April 13, 1976, the Commission filed a Complaint against Lockheed Martin for violations of Sections 10(b), 13(a), and 14(a) of the Securities Exchange Act of 1934 (and the Commission's Rules promulgated thereunder) arising out of alleged payments to foreign government officials in the early 1970s. *See* Hewett Decl. Ex. 1. Simultaneous with the filing of the Commission's Complaint, Lockheed Martin consented to the entry of a final judgment of permanent injunction (the "Final Judgment") without admitting or denying the Commission's non-jurisdictional allegations. *See id.* Ex. 2. The Final Judgment was entered by the Court that same day. *See id.* ¶ 6 & Ex. 4.

The Final Judgment incorporated by reference a "Consent and Undertaking" entered into and filed by Lockheed Martin (the "Consent"), pursuant to which Lockheed Martin agreed to undertake several remedial actions. *See id.* Ex. 3; *see also id.* Ex. 2 ¶¶ VII-VIII (providing that the Consent is incorporated into the Final Judgment "with the same force and effect as if fully set forth herein," and requiring the Company to "fully comply" with the undertakings set forth in the

---

[1] By letter dated April 7, 2015, counsel for the Securities and Exchange Commission indicated that the Commission does not oppose the relief sought in this motion. *See* Hewett Decl. Ex. 5. ("Hewett Decl." refers to the concurrently-filed declaration of Martin A. Hewett in support of this motion.)

1

Consent). Those actions included (a) the creation of an independent Special Committee to conduct an investigation into the matters alleged in the Commission's Complaint; (b) the preparation and submission of a full report of the Special Committee's investigation to the Court, the Commission, and Lockheed Martin's Board of Directors; and (c) the adoption of a "Statement of Policies and Procedures" regarding "unlawful payments to government officials" (hereinafter "Anti-Corruption Policies and Procedures"). *See id.* Ex. 3 ¶¶ 7-13. In addition, Lockheed Martin agreed that it would file a Form 8-K with the Commission at least 10 days in advance of any future changes to its Anti-Corruption Policies and Procedures. *See id.* ¶ 14. This prospective requirement—which Lockheed Martin has now complied with for nearly four decades—is the only aspect of the Final Judgment at issue in this motion.

In 2003, the Commission issued a final rule implementing Section 406 of the Sarbanes-Oxley Act of 2002 (the "Sarbanes-Oxley Act"), which directed the Commission to devise and promulgate requirements for the disclosure of "codes of ethics" by public companies. *See* 15 U.S.C. § 7264. The final rule defines a "code of ethics" as "written standards that are reasonably designed to deter wrongdoing and to promote," among other things, "[c]ompliance with applicable governmental laws, rules and regulations." 17 C.F.R. § 229.406(b); *see also* 15 U.S.C. § 7264(c). The Commission's final rule requires public companies to disclose their codes of ethics to the public by either (i) filing them as an exhibit to an annual report (on Form 10-K), or (ii) posting them on the company's website. *See* 17 C.F.R. § 229.406(c), (d). The final rule also requires that certain types of changes to a company's code of ethics must be disclosed within four business days of the change where the company elects to disclose its code of ethics on its website. *See* SEC Release Nos. 33-8177, 68 Fed. Reg. 5110, 5118 (Jan. 31, 2003); *see also* SEC Form 8-K, Item 5.05(c), *available at* https://www.sec.gov/about/forms/form8-k.pdf.

In light of the Commission's final rule, Lockheed Martin—like many other public companies—has elected to make its code of ethics (as well as certain other corporate policies) available to the public by posting them on its corporate website. Among other things, Lockheed Martin's "Code of Ethics and Business Conduct"—which applies to anyone "conducting business on behalf of Lockheed Martin" (including, but not limited to, its employees), and is made available in 16 different languages—requires strict compliance with all applicable anti-corruption laws, including the U.S. Foreign Corrupt Practices Act ("FCPA").[2] Lockheed Martin also makes its more detailed policy on "Compliance with the Anti-Corruption Laws" available on its website.[3] By virtue of the Final Judgment, however, Lockheed Martin must continue to file a Form 8-K before making any change to its Anti-Corruption Policies and Procedures, notwithstanding its compliance with the Commission's final rule.

## STATEMENT OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 60(b) authorizes district courts to "relieve a party or its legal representative from a final judgment" under certain enumerated circumstances. Fed. R. Civ. P. 60(b). As the D.C. Circuit has recognized, Rule 60(b) is "little more than a codification of the universally recognized principle that a [district] court has continuing power to modify . . .

---

[2] *See* Lockheed Martin, Setting the Standard: Code of Ethics and Business Conduct at 25-26, *available at* http://www.lockheedmartin.com/content/dam/lockheed/data/corporate/documents/ethics/code-of-conduct.pdf. The FCPA—which was enacted in 1977, after the Complaint and Final Judgment in this matter were filed—prohibits offering to pay, paying, promising to pay, or authorizing the payment of money or anything of value directly or indirectly to a foreign official to corruptly influence any act or decision of the foreign official in his or her official capacity or to secure any other improper advantage in order to obtain or retain business. *See* 15 U.S.C. § 78dd-1.

[3] *See* Lockheed Martin, Compliance with the Anti-Corruption Laws, *available at* http://www.lockheedmartin.com/content/dam/lockheed/data/corporate/documents/ethics/lm-cps-730.pdf.

3

a final decree." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1202 (D.C. Cir. 1995) (internal quotation marks and citation omitted); *see also Salazar v. District of Columbia*, 633 F.3d 1110, 1115 (D.C. Cir. 2011) ("Rule 60(b) does not provide a new remedy at all, but is simply [the] recitation of pre-existing judicial power.") (internal quotation marks and citation omitted); *New York v. Microsoft Corp.*, 531 F. Supp. 2d 141, 167 (D.D.C. 2008) (noting that the power codified in Rule 60(b) is "long-established, broad and flexible") (internal quotation marks and citation omitted). District courts are "vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988); *see also Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995) (Rule 60(b) "gives the district judge broad latitude to relieve a party from a judgment").

As relevant here, Rule 60(b)(5) authorizes a district court to vacate or modify a final judgment—including a permanent injunction entered by consent—where "applying [the final judgment] prospectively is no longer equitable."[4] Fed. R. Civ. P. 60(b)(5); *see also N.L.R.B. v. Harris Teeter Supermarkets*, 215 F.3d 32, 35 (D.C. Cir. 2000). The D.C. Circuit has applied the "flexible standard" set forth in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992), to motions for relief from consent judgments under Rule 60(b)(5). *See W. Elec. Co.*, 46 F.3d at

---

[4] Rule 60(c) requires that motions pursuant to Rule 60(b)(5) be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Although the D.C. Circuit has "not identified a standard for assessing 'reasonable time' under Rule 60(b)," the Court has held that the absence of any prejudice to the non-moving party as a result of the requested relief is a central (and potentially dispositive) factor. *See Salazar*, 633 F.3d at 1119 (holding that district court erred in ruling that Rule 60(b) motion was not submitted within a reasonable time "without finding that the movant's delay ha[d] prejudiced the non-moving party"). Given that the Commission does not oppose Lockheed Martin's proposed modifications to the Final Judgment and the clear change in circumstances warranting those modifications (as discussed below), Lockheed Martin respectfully submits that its motion for partial modification satisfies Rule 60(c). *Cf. Evans v. Fenty*, 701 F. Supp. 2d 126, 157 (D.D.C. 2010) ("What constitutes a 'reasonable time' for a filing under Rule 60(b) depends on the facts of each case.") (internal quotation marks and alterations omitted).

1203 (explaining that the standard adopted in *Rufo* for relief under Rule 60(b)(5) was "intended to meet the need for flexibility in administering consent decrees") (internal quotations omitted). Under that standard, "it is appropriate to grant a Rule 60(b)(5) motion when the party seeking relief from an injunction or consent decree can show 'a significant change either in factual conditions or in law.'" *Agostini v. Felton*, 521 U.S. 203, 215 (1997) (quoting *Rufo*, 502 U.S. at 384). "Once a moving party has met its burden of establishing either a change in fact or in law warranting modification of a consent decree, the district court should determine whether the proposed modification is suitably tailored to the changed circumstance." *Rufo*, 502 U.S. at 391; *see also Horne v. Flores*, 557 U.S. 433, 447 (2009).

Here, Lockheed Martin respectfully submits that both of the *Rufo* requirements are satisfied with respect to the Final Judgment's Form 8-K filing requirement.

*First*, there have been have been significant changes in both the factual and legal landscape surrounding the public disclosure of ethics codes by public companies that were not foreseen by the parties when the Final Judgment was entered. *See Rufo*, 502 U.S. at 385 (changed circumstances must generally have been "unforeseen" at the time of the judgment to serve as the basis for a Rule 60(b)(5) motion). In particular, the methods through which the public seeks and receives information about companies have changed substantially since 1976—most notably through the creation of the internet, a technological advancement that obviously was not foreseen when the Final Judgment was entered. Acknowledging that development and the now-widespread utilization of the internet, the Commission issued its final rule implementing Section 406 of the Sarbanes-Oxley Act—which as noted above, grants companies the option of disclosing codes of ethics on their corporate websites instead of filing them with the Commission—for the express purpose of "provid[ing] flexibility for companies in making their

codes of ethics available to the public."[5] SEC Release No. 33-8177, 68 Fed. Reg. 5110, 5121-22 (Jan. 31, 2003). In these circumstances, Lockheed Martin respectfully submits that the requirement to file a Form 8-K disclosing changes to the Company's Anti-Corruption Policies and Procedures has been superseded by the development and recognition of corporate websites as an appropriate and effective means for public disclosure of ethics and corporate compliance codes, and that these developments constitute changed circumstances warranting relief under Rule 60(b)(5). *See, e.g.*, *SEC v. Warren*, 583 F.2d 115 (3rd Cir. 1978) (affirming district court's grant of Rule 60(b)(5) motion where, among other things, subsequent changes in SEC regulations had "diminished the need" for the permanent injunction at issue).

*Second*, the terms of the Final Judgment's Form 8-K disclosure requirement are inconsistent with the scope of disclosure approved of and adopted in the Commission's final rule. The Commission's final rule only requires disclosure of amendments to a code of ethics that are related to the "elements" "specified" in the final rule, thus excluding "technical, administrative or other non-substantive amendments." SEC Release No. 33-8177, 68 Fed. Reg. 5110, 5119 n.52 (Jan. 31, 2003); *see also* SEC Form 8-K, Item 5.05, Instruction No. 1, *available at* https://www.sec.gov/about/forms/form8-k.pdf. By contrast, the Final Judgment requires the Company to file a Form 8-K disclosing *any* change whatsoever to its Anti-Corruption Policies

---

[5] Consistent with its stated goal of "encourag[ing] the continued development of company web sites as a significant vehicle for the dissemination to investors of important company information," SEC Release No. 34-58288, 2008 WL 4068202, at *2 (Aug. 1, 2008), the Commission has authorized companies to make several types of other required disclosures solely through their corporate websites. *See, e.g.*, SEC Release No. 33-8176; 34-47226, 2003 WL 161117, at *25 (Jan. 22, 2003) (authorizing companies to disclose non-GAAP financial measures on their corporate websites); 17 C.F.R. § 229.407 (authorizing companies to provide their audit, nominating, and compensation committee charters on their corporate websites); SEC Release No. 34-58288, 2008 WL 4068202, at *9 (Aug. 1, 2008) (providing that disclosure of nonpublic material information on a company's corporate website may satisfy Regulation FD's disclosure requirements in certain circumstances).

and Procedures, including the very kinds of "technical, administrative or other non-substantive" changes that the Commission's final rule expressly exempts. For example, on March 27, 2014, Lockheed was required to file a Form 8-K disclosing minor administrative changes to its Anti-Corruption Policies and Procedures resulting from the retirement of the Lockheed Martin attorney who had previously been responsible for those policies.[6] Given that the Commission's final rule does not require companies to disclose these types of changes at all—much less in a public filing that the Commission generally reserves for the announcement of "major events that shareholders should know about"[7]—Lockheed Martin respectfully submits that the Final Judgment's Form 8-K filing requirement is no longer necessary or warranted. *Cf. King–Seeley Thermos Co. v. Aladdin Indus., Inc.*, 418 F.2d 31, 35 (2d Cir. 1969) ("[T]he power of equity has repeatedly been recognized as extending . . . to cases where a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes.").

*Finally*, the requested modifications to the Final Judgment are "suitably tailored to the changed circumstance." *Rufo*, 502 U.S. at 391. As reflected in the proposed order attached to this motion, Lockheed Martin proposes that the Consent (as incorporated in the Final Judgment) be modified to (i) clarify that the "Statement of Policies and Procedures" that Lockheed Martin is required to maintain shall apply to payments prohibited by the FCPA (which, as noted previously, was enacted after the Final Judgment was entered);[8] and (ii) require Lockheed Martin

---

[6] *See* Lockheed Martin, Form 8-K (Mar. 27, 2014), *available at* http://www.sec.gov/Archives/edgar/data/936468/000119312514118524/d667340d8k.htm.

[7] *See* SEC Form 8-K, *available at* http://www.sec.gov/answers/form8k.htm.

[8] To effectuate this change, Lockheed Martin proposes that Paragraph 13 of the Consent be modified as follows:

to disclose changes to its Code of Ethics and Business Conduct (which prohibits payments in violation of the FCPA) in accordance with the Commission's rules implementing Section 406 of the Sarbanes Oxley Act.[9]

---

[9] Lockheed represents that its Board of Directors has adopted and implemented and will maintain a Statement of Policies and Procedures ("Statement") with respect to payments by Lockheed to any official or employee of any government or any official or employee of any entity owned and /or controlled by any government unlawful under the laws of the United States **(including the Foreign Corrupt Practices Act)** or such foreign country, **and** that said Statement will be modified as necessary to assure that it is not inconsistent with the terms of the FINAL JUDGMENT OF PERMANENT INJUNCTION ~~and that said Statement, as so modified, will be filed with the Commission as an exhibit to a Current Report on Form 8-K~~.

To effectuate this change, Lockheed Martin proposes that Paragraph 14 of the Consent be replaced with the following:

Lockheed also maintains a Code of Conduct with respect to payments by Lockheed to any official or employee of any government or any official or employee of any entity owned and/or controlled by any government unlawful under the laws of the United States (including the Foreign Corrupt Practices Act) or such foreign country, which is available on the company's website, and that any modifications/amendments/alterations to the Code of Conduct will comply with the requirements prescribed by the Commission's rules implementing Section 406 of the Sarbanes-Oxley Act of 2002, and that any modifications/amendments/alterations to the Statement will be disclosed on the company's website within the time limits prescribed by those rules.

## CONCLUSION

For the foregoing reasons, Lockheed Martin respectfully requests that the Court grant its motion and modify the Final Judgment as reflected in the accompanying Proposed Order.

Date: April 15, 2015

Respectfully submitted,

*Martin A. Hewett*

Richard W. Grime (DC Bar # 455550),
  *pro hac vice* pending
Martin A. Hewett (DC Bar # 1009911)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
RGrime@gibsondunn.com
MHewett@gibsondunn.com

*Attorneys for Successor Defendant
Lockheed Martin Corporation*

## STATEMENT PURSUANT TO LOCAL CIVIL RULE 7(m)

I hereby certify that the undersigned counsel conferred with counsel to the Securities and Commission regarding the forgoing Motion for Partial Modification of Final Judgment of Permanent Injunction, and that counsel to the Commission indicated that the Commission would not oppose the relief sought in the motion.

Date: April 15, 2015

                                                                    /s/ Martin A. Hewett
Richard W. Grime (DC Bar # 455550),
 *pro hac vice* pending
Martin A. Hewett (DC Bar # 1009911)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
RGrime@gibsondunn.com
MHewett@gibsondunn.com

*Attorneys for Successor Defendant
Lockheed Martin Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15th, 2015, I caused a copy of the foregoing to be served on Plaintiff Securities and Exchange Commission by overnight mail and electronic mail to the following counsel:

Timothy N. McGarey, Esq.
Special Trial Counsel
United States Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

_____
Martin A. Hewett (DC Bar # 1009911)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
MHewett@gibsondunn.com

*Attorneys for Successor Defendant Lockheed Martin Corporation*